UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TITUS MCBRIDE,

                             Petitioner,

              -against-

ADA PRESSLEY, WARDEN,

                             Respondent.

16-CV-6988 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

      Petitioner, currently incarcerated at the Robert N. Davoren Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. By order dated November 18, 2016, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court dismisses the amended petition for the reasons set forth below.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Titus McBride has been detained at Rikers Island since April 22, 2014, on criminal charges that remain pending.[1] A glove recovered from one crime scene was tested, and on April 14, 2014, the New York State Office of Forensic Services indicated that the DNA was a match in the State DNA Index System for Titus McBride, based on his "convicted offender specimen number." (ECF No. 1 at 8.) Petitioner submits exhibits reflecting that the state court judge ordered a DNA swab, and on June 10, 2015, the order was enforced at Rikers Island. (*Id.* at 13.) An "additional lab report" dated August 17, 2015, states that McBride "is excluded as a contributor to all samples where a comparison could be made" relative to evidence from the Tom Sit Family News Stand. (*Id.* at 10)

Petitioner styled his initial complaint as a civil rights action, seeking both damages and release from custody. By order dated September 20, 2016, the Court held, among other things, that the state court judges presiding over his criminal proceedings were entitled to absolute immunity for their judicial acts; the Court also granted Petitioner leave to submit an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, to the extent that he was seeking release from custody. On October 6, 2016, and October 12, 2016, respectively, Petitioner filed an amended petition and additional exhibits. Those exhibits indicate that Petitioner is charged with six separate incidents of burglarizing newsstands between July 2013 and March 2014. (ECF No. 6 at 11.)

---

[1] Petitioner McBride's civil rights action for damages against two arresting officers is also pending before me. *See McBride v. Velez*, No. 15-CV-3203 (CM).

Petitioner brought a state *habeas* petition seeking immediate release from custody based on the supplemental DNA report. (ECF No. 6 at 12-13.) On October 2, 2015, the trial court denied the *habeas* petition (*id.* at 12), and the Appellate Division, First Department, unanimously affirmed on appeal, without explaining its reasoning, *McBride v. Warden*, 139 A.D.3d 456 (App. Div. May 10, 2016).[2] Petitioner submits an excerpt from the government's opposition to his state *habeas* petition, in which the government asserted that in addition to the DNA evidence, McBride "was caught on video during the crimes." (ECF No. 6 at 11.)

## DISCUSSION

Where a state pretrial petitioner seeks federal *habeas* relief but there is not yet a judgment of conviction, courts have construed such applications as arising under the general *habeas* statute, 28 U.S.C. § 2241. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976) (recognizing that § 2241 petition was available to a state pretrial detainee asserting that he could not be retried after the state court declared a mistrial on speedy trial grounds); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at * 5 (S.D.N.Y. Oct.18, 2011) (holding that § 2241 petitions may be available to state pretrial detainees challenging their custody as being in violation of the Constitution or federal law), *aff'd*, No. 11–4486–cv, 2012 WL 1632606 (2d Cir. May 10, 2012).

The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1971), however, that absent exceptional circumstances, a federal court must abstain from intervening in ongoing state criminal proceedings when adequate state relief is available. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134

---

[2] Petitioner also appears to have raised the same DNA issue in an earlier state *habeas* petition, which was also denied; he appealed the denial of that *habeas* petition. *McBride v. Warden*, Index. No. 101928/15 (ECF No. 6.)

S. Ct. 584, 588 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). "Although [*Younger*] dealt with a federal injunction of a pending state criminal prosecution . . . the same policy and legal considerations have been applied to federal *habeas corpus* relief from a state criminal trial." *York v. Ward*, 538 F. Supp. 315, 317 (E.D.N.Y. 1982) (citing *U.S. ex rel. Scranton*, 532 F.2d at 292)).

"No more is required to invoke *Younger* abstention than the *opportunity* to present federal claims in the state proceeding." *Robinson v. Sposato*, No. 11-CV-191 (SFJ), 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012) (quoting *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (emphasis original)). "So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities in state court, it cannot be said that state court review of constitutional claims is inadequate for *Younger* purposes." *Id.* at *3 (citing *Hansel v. Town Court for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995)).

Petitioner's criminal proceedings are ongoing.[3] Petitioner raised his claim about new DNA evidence in a state *habeas* petition, and appealed from the denial of state *habeas* relief. *See McBride v. Warden*, 139 A.D.3d 456 (App. Div. May 10, 2016). If convicted, Petitioner will also have the opportunity to raise any claims of constitutional violations involving the DNA evidence on direct appeal from a judgment of conviction or in a *habeas* petition under 28 U.S.C. § 2254.[4]

---

[3] Public records of the New York Supreme Court, New York County, reflect that in *People v. McBride*, No. 01811/2014, McBride was scheduled for a hearing on November 28, 2016, and has his next hearing scheduled for December 8, 2016.  He is represented by counsel.

[4] District courts have proceeded to adjudicate § 2241 petitions brought before entry of the state court judgment in cases where the relief sought could only be raised before judgment. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973), where the petitioner sought a *habeas* writ to compel the state to try him, and had already moved without success for expedition of his trial in the state court, the petitioner had no alternative other than petitioning the federal court for *habeas* relief. "To assert the denial of his speedy trial right at the trial, or on appeal, would in no way have ameliorated the harm that he sought to remedy, *i. e.,* that the state had refused to try him with due speed." *Scranton*, 532 F.2d at 296.

A *habeas* petition under § 2241 "cannot be used to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Robinson*, 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012) (quoting *Braden*, 410 U.S. at 493).[5] Because petitioner fails to show any extraordinary or unusual circumstances that would militate against *Younger* abstention, the petition is dismissed in its entirety without prejudice.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   December 7, 2016
        New York, New York

                                      COLLEEN McMAHON
                                      Chief United States District Judge

---

[5] At this stage, Petitioner's allegation that some of the evidence against him does not establish his guilt – because new testing does not establish a DNA match for an item at one of the crime scenes – do not appear to state a claim that Petitioner is being held in violation of his constitutional rights. Petitioner's allegations, even if true, would not show that he is entitled to release from custody, at least in these circumstances, where the government is prosecuting him for a series of crimes and argues that it has other evidence of his guilt.